FILED'09 OCT 30 10:27USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MLM PROPERTY, LLC**, a Limited Liability Company; and **L&M PRODUCE, INC.**, a Domestic Business Corporation<br><br>　　　　　　　Plaintiffs,<br>　　　v.<br><br>**COUNTRY CASUALTY INSURANCE COMPANY**, a Foreign Business Corporation,<br><br>　　　　　　　Defendant. | Case Number CV 06-3048-CL<br><br>**ORDER** |

Clarke, Magistrate Judge:

　　　　Plaintiffs MLM Property, LLC, a Limited Liability Company, and L&M Produce, Inc., a Domestic Business Corporation, ("Plaintiffs") bring this action for breach of insurance contract and intentional interference with economic relationships against Defendant Country Casualty Insurance Company, a foreign business corporation ("Defendant"). The amount in controversy is in excess of $75,000, and there is complete diversity between parties. (Pls.' Compl.) This Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff filed this motion for partial summary judgment arguing there are no genuine issues of material fact as to either of Defendant's affirmative defenses of (1) the contract's dishonest or criminal act exclusion or (2) the concealment or fraud provisions. (Pls.' Mot. for Summ. J. 1-2.)[1] For the reasons set forth below, the motion is denied.

## I.      Standards for Summary Judgment

Pursuant to Rule 56(c), summary judgment "should be rendered, if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material

---

[1] Initially Plaintiff sought judgment on six specific issues: (1) that Defendant is liable to Plaintiffs for breach of the insurance policy; (2) that Defendant is liable to Plaintiffs for the intentional interference with business relationships; (3) that Plaintiffs did not void the insurance policy through intentional misrepresentation of material facts to Defendant; (4) that Plaintiffs did not commit arson; (5) that the damages are not limited by the insurance policy limits; and (6) that Plaintiffs are entitled to replacement cost coverage. Defendant filed a cross motion on summary judgment on the issues of intentional interference with economic relationships and replacement costs. (Dkt. #81.) On October 5, 2009, Parties stipulated to addressing claims related to damages after trial, if necessary. (Dkt. #86.) Defendant's motion for partial summary judgment is thus deferred. Plaintiffs' motion for partial summary judgment as to intentional interference with business relationships, policy limits of damages, and replacements costs is also deferred. By agreement the parties only address issues of liability.

fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). Summary judgment should be granted for the movant, if appropriate, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. Fed. R. Civ. P. 56(e); THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

II.    Facts[2]

Plaintiff MLM Property, LLC ("MLM") owns real property in Merrill, Oregon. MLM also owned a potato packing shed and the equipment inside this shed. Plaintiff L&M Produce ("L&M") operated this potato packing shed. (Pl.'s Concise Statement of Material Facts ("CSMF") ¶ 1-2.) L&M had ongoing business relationships with potato growers and sellers. (CSMF ¶ 8.)

Country Casualty Insurance Company ("Country") issued an insurance policy, Policy No. CB5001561, to Plaintiffs that insured the building, equipment, inventory and business. (CSMF ¶ 3.) This policy was effective between July 1, 2004 and July 1, 2006, and it covered loss by fire but was subject to terms, conditions, limitations, exceptions and exclusions contained in the policy. ( Def.'s Resp. to Pl. CSMF (" RCSMF") B-1.)

On July 24, 2004, a fire destroyed the potato packing shed and the equipment inside. (CSMF ¶ 4). Parties dispute whether the fire was a covered loss. (CSMF ¶ 5; RCSMF ¶ A-5.) Plaintiffs filed a proof of loss with Country on November 30, 2004.

Plaintiffs assert that neither L&M nor MLM intentionally misrepresented any material fact regarding the loss to Country during the course of its investigation of the claims. Further, Plaintiffs assert that L&M was not having difficulties making payroll prior to the fire and that

---

[2] As a preliminary matter, Plaintiffs argue that facts from the Concise Statement of Material Facts be deemed admitted for the purposes of their motion for summary judgment because Defendants did not support their specific denials of these facts with citations to the evidence. (Pl.'s Reply to Def.'s RCSMF.) Plaintiffs refer to United States District Court, District of Oregon Local Rule 56.1: "[a] party must cite to a particular affidavit, deposition, or other document . . . supporting the party's statement, acceptance, or denial of the material fact." L.R. 56.1(c)(1). "[M]aterial facts set forth in the concise statement of the moving party, or in the response to the moving party's concise statement, will be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." L.R. 56.1(f). Plaintiffs assert that Defendant did not cite to specific evidence when it denied their facts. Upon review, however, the Court notes that these facts were controverted later in Defendant's additional material facts.

Order    4

L&M was debt-free with the exception of a loan made to Mike J. McKoen. (CSMF ¶ 10-11.) Defendant denies these assertions. (RCSMF ¶ A-10.)

Parties do not agree to many of the facts surrounding the fire, but parties do agree that Mike J. McKoen was the only person inside the potato packing shed on the day of the fire. (CSMF ¶ 12.)

Defendant conducted its own investigations of the claims. Country's cause and origin investigator concluded that the cause of the fire was arson and that the fire started on the mezzanine, one level above the welding location. (RCSMF ¶ B-3.) Defendant further contends that Mike McKoen started the fire and later misrepresented or concealed facts during his Examination Under Oath ("EUO") and throughout the investigation of the claim. These alleged misrepresentations include the events leading up to the loss, the events and circumstances on the day of the loss, and L&M's financial circumstances. (RCSMF ¶ B-4-5.) Defendant also argues that L&M had operated at a loss in the years preceding the fire. (RCSMF ¶ B-4.) Plaintiffs deny all of these assertions. (Pl.'s Reply to Def.'s Response to Pl.'s CSMF ("Reply CSMF") ¶ B-3-5.)

### III.   Plaintiffs' Partial Motion for Summary Judgment Is Denied

Plaintiffs ask the Court to grant summary judgment on two issues. They argue that there are no genuine issues of material fact as to Defendant's affirmative defenses (1) that Plaintiffs and/or their agents' concealed or materially misrepresented facts pertaining to the loss and (2) that the policy is void due to Plaintiffs' alleged dishonest or criminal act.

To find for the Plaintiffs, who are the moving parties, the Court must determine that no reasonable juror could find, based on the evidence, that Plaintiffs misrepresented material facts or that Plaintiffs committed arson. Viewing the evidence in the light most favorable to the

Order   5

Defendant who is the non-moving party, the Court cannot make this determination.

### A. Affirmative Defense of Concealment or Misrepresentation of Facts Surrounding the Loss

To prevail on concealment or misrepresentation defense, the Defendant must show that Plaintiffs "made a false representation either with knowledge of its falsity or recklessly, without any knowledge as to whether it was true or false, such representation being of a nature that would reasonably tend to influence the action of the insurer." Callaway v. Sublimity Ins. Co., 123 Or. App. 18, 20 (1993) (citing Walker v. Fireman's Fund Ins. Co., 114 Or. 545, 559 (1925) (citations omitted).

There is at least one, if not more, genuine issue of material fact to support this defense regarding the profitability of the insured companies. Defendant alleges L&M President Mike J. McKoen provided inaccurate statements as to the financial health of L&M and MLM. (Def.'s Resp. in Opp. to Pls.' Mot. for Partial Summ. J. ("Def.'s Resp.") 9.) Further, Defendant argues Mr. McKoen provided inaccurate accounts of how much he owed to Washington potato grower Frank Tiets. Mr. McKoen also provided inconsistent accountings of how much owed. At one point, he asserted L&M was current in its payments to growers, but later he admitted that the company owed at least three growers. (Def.'s Resp. 9.)

Plaintiffs argue that there are no misrepresentations because L&M and MLM did not give statements as to their financial circumstances such that Country could reasonably rely on them. (Pls.' Reply to Def's Resp. to Pls.' Mot. for Partial Summ. J. ("Pls.' Reply") 11.) Plaintiffs contend that Mr. McKoen's statements in his EUO cannot be imputed to the business. At the time of these statements, Mr. McKoen was President and in control of L&M. Plaintiffs'

Order   6

argument is not well taken.

Plaintiffs also argue that Defendant does not have evidence of misrepresentation. To make this argument, they use to the evidence found in Callaway as a standard: "[t]here is no evidence to suggest that Mike McKoen gave false statements, altered documents submitted to Country, over-inflated the value of items listed on the proof of loss, or was attempting to sever the coverage of the insurance policy to apply to certain covered items and not others." (Pls.' Reply 10.) See Callaway, 123 Or. App. at 20-21. Though Defendant does not have this specific evidence, Plaintiffs have not shown that there is no other possible evidence to show misrepresentation.

Taking this evidence in the light most favorable to Defendant, there is sufficient evidence for a jury to conclude that Plaintiffs made intentional material misrepresentations. Summary judgment on this affirmative defense is denied.

B.   **Affirmative Defense of Dishonest or Criminal Act**

An insurer may argue an affirmative defense of arson by presenting direct or circumstantial evidence. When necessary, an insurer may rely exclusively on circumstantial evidence. Don Burton, Inc. v. Aetna Life & Casualty Co., 575 F.3d 702, 706 (9th Cir. 1978).

In Don Burton, Inc. v. Aenta Life & Casualty Co., the Ninth Circuit determined that there was circumstantial evidence that the fire was incendiary in origin where two fire investigators opined that the cause was arson and ruled out any accidental causes for the fire. Further, there was also evidence of motive in that the insured corporation was in serious financial trouble, and there was evidence that proprietor Mr. Burton commented at a point that a fire of his store would be beneficial. The court concluded that even though the evidence was disputed, "[w]hat we wish

Order    7

to emphasize is that the evidence presented a triable issue of fact. We are satisfied that a reasonable jury could have concluded that it was more likely than not that the fire was the result of incendiarism caused or participated in by the insured." Id. at 707.

Here, Defendant has presented similar evidence; a reasonable jury could conclude there was arson. Defendant's fire expert concluded that the loss was a result of a human caused incendiary fire. (Def.'s Resp. 6.) Country also argues there was motive. A forensic accountant analyzed the financial health of L&M and MLM. Country presented evidence that the business had posted marginal profit in the years leading to 2001 and in 2001 profits were in decline. (Def.'s Resp. 6.) Defendant asserts, "the evidence shows that the insured had the financial motive to rid itself of an increasingly expensive and non-performing business." (Def.'s Resp. 7.) Lastly, Defendant asserts that Mr. McKoen, who admitted to being alone in the locked building, had the opportunity to set the fire. (Def.'s Resp. 7.)

Plaintiffs do not meet the burden of showing there is no genuine issue of material fact on this defense. Plaintiffs question the reliability of Defendant's experts and argue the reports are not admissible. They also contend that there is no motive because there is no evidence that the insured recently obtained new or increased insurance coverage or removed valuable property from the premises shortly before the fire. As for opportunity, Plaintiffs argue that while Mr. McKoen was alone in the building he was in clear view of others outside the building and knew that a cleaning service might enter the building at any point of the weekend. (Pls.' Reply 6-7.)

While Plaintiffs have presented arguments as to why Defendant's affirmative defenses should fail, they have not shown that the Defendant has no probative evidence to support its defenses. It is clear that there still remain issues of fact that can only be found by a trier of fact.

Order   8

## IV.  Conclusion

Plaintiffs have not met their burden. Taking the evidence in the light most favorable to the Defendant, there are genuine issues of material fact regarding the affirmative defenses. Plaintiffs' motion for partial summary judgment on Defendant's affirmative defenses of arson and misrepresentation or fraud is denied.

DATED this 30 day of October, 2009

_____
MARK D. CLARKE

United States Magistrate Judge